


# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 18, 1970

Hon. Harold J. Marburger
Executive Director
Board of Regents, State Senior
  Colleges and Universities
504 Sam Houston Building
Austin, Texas 78701

Dear Mr. Marburger:

Opinion No. M-731

Re: The proper method of de-
termining the payment for
accumulated vacation and
sick leave to be paid the
estates of deceased State
employees.

  You have recently written this office requesting our opinion regarding the proper method of determining the payment for accumulated vacation and sick leave to be paid the estates of deceased State employees as they are defined in Article 6252-8a, Section 1, Vernon's Civil Statutes. The provisions of Article 6252-8a, Vernon's Civil Statutes, and Article V, Section 7f of the General Appropriation Bill, House Bill 2, 61st Legislature, 1969, 2nd Called Session, which pertain to the payments of accumu lated vacation and sick leave to the estates of deceased State em ployees, are quoted respectively as follows:

  Article 6252-8a:

  "Section 1. 'Employee' as used in this Act means any appointed officer or employee in a department of the state who is employed on a basis or in a position normally requiring not less than 900 hours per year, but shall not include members of the legislature or any incumbent of an office normally filled by vote of the people; nor persons on piecework basis; nor operators of equipment or drivers of teams whose wages are included in rental rate paid the owners of said equipment or team; nor any person who is covered by the Judicial Retirement System of the State of Texas; nor any person who is covered by the Teacher Retirement System of Texas, except persons employed by the Teacher Retirement System, the Central Education Agency, and classified, administrative, and professional staff members em- ployed by a state institution of higher education who have accumulated vacation or sick leave, or both, during such employment.

"Sec. 2. Upon the death of a state employee, the state shall pay his estate for all of the employee's accumulated vacation leave and for one-half of his accumulated sick leave. The payment shall be calculated at the rate of compensation being paid the employee at the time of his death.

"Sec. 3. Funds appropriated for salaries to the department or agency for which the employee worked shall be used in making payments provided for by this Act."

Article V, Section 7f of the General Appropriation Bill provides:

"f. Funds appropriated in this Act for salaries and wages may be paid for all of the employee's accumulated vacation leave and for one-half of his accumulated sick leave to the estate of an employee when said employee dies while employed by the State of Texas. The payment shall be calculated at the rate of compensation being paid the employee at the time of his death."

The provisions of Article V of the General Appropriation Bill which specifically relate to a State employee's entitlement to vacation and sick leave are quoted, in part, as follows:

"Sec. 7. EMPLOYEES VACATION AND LEAVES. a. Annual employees of the State shall, without deduction in salary, be entitled to a vacation of two normal work weeks in any one fiscal year, such entitlement to be accrued proportionately for each month of service during the year.

"Annual employees with fifteen (15) or more years of employment with the State shall be entitled to two normal work weeks plus five (5) additional normal working days of vacation in any one fiscal year.

"Annual employees with twenty (20) or more years of employment with the State shall be entitled to two normal work weeks plus ten (10)additional working days of vacation in any one fiscal year.

"Total accumulated leave to any employee may never exceed the equivalent of his earned vacation entitlement for the preceding two-year period. No employee shall be allowed any paid vacation entitlement until he has had continuous employment with the State for six (6) months.

"In computing vacation time taken, time during which any employee is excused from work because of holidays shall not be charged against the employee's vacation.

"
. . .

"b. Sick leave with full pay for regular employees of the State may be allowed at the rate of one normal working day for each full month of continuous employment, and accrued amounts of sick leave may be carried forward for a maximum period of three (3) years of continuous employment. . . .

"   . . .   "

It is noted from the above quoted provisions that an employee's entitlement to vacation and sick leave is accumulated proportionately for each full month of continuous employment.

Therefore, it is apparent that we must construe the word "month" in the context in which it is used to determine the proper method of calculating accrued vacation and sick leave of deceased State employees.

Blacks Law Dictionary, 4th Edition, defines the word "month" as follows: "The word 'month' unless otherwise defined, means 'calendar month' . . ." Moreover, it is stated in 55 Texas Jurisprudence 2d 607, Time, §3 as follows:

"The word 'month' at common law originally meant a lunar month of twenty-eight days. As used in the civil statutes of this state, the term ordinarily means a calendar month or a month as designated in the calendar, without regard to the number of days it may contain.

"   . . .   "

On the basis of the foregoing authorities, our opinion is that a State employee as defined by Article 6252-8a, Vernon's Civil

Statutes, whose employment terminates by his death prior to the expiration of any calendar month is not entitled to receive credit for vacation or sick leave for that month.

In addition, for the purpose of paying accrued vacation and sick leave upon the death of an employee, his estate should be paid for the same number of calendar days to which the employee would have been entitled had he lived and claimed his vacation and sick leave beginning on the day following the date of his death and ending on the last working day through which such leave would have extended.

To illustrate the above holding we submit the following hypothetical fact situation. A State employee as defined by Section 1 of Article 6252-8a, Vernon's Civil Statutes, with 19 years continuous service with an agency of the State government and who was an annual employee paid in 12 monthly installments died on November 10, 1970, after the completion of the work day of November 10, 1970. At the time of his death he has accumulated 30 normal working days of vacation leave and 36 normal working days of sick leave. As we have previously held, since the employee died before serving the full month of November, his estate would receive no payment for either vacation or sick leave for that month.

In this illustration the deceased employee's estate would be entitled to payment by the provisions of Article 6252-8a, Vernon's Civil Statutes, for 30 days accrued vacation leave and one-half of 36 working days sick leave which would be a total of 48 working days of accrued leave. By calculating by the calendar 48 working days from November 10, 1970, the date of the subject employee's death, the date on which the accumulated leave would terminate would be January 26, 1971. This calculation excludes as working days during this period those holidays set forth in Article V, Section 6c of the General Appropriation Bill, those being November 11, 26, December 23, 24 and 25, 1970, and January 1 and 19, 1971. Based on the foregoing calculations, the State agency for which the employee was employed at the time of his death is obligated to pay the estate of the deceased employee his monthly salary for the months of November and December, 1971 and for 26 days during January, 1971. The payment to the estate for the month of January, 1971, is determined by multiplying 26 calendar days credited for January, 1971, by the employee's monthly salary and dividing the resulting figure by 31, the number of calendar days in January, 1971.

## S U M M A R Y

A State employee as defined by Article 6252-8a, V.C.S., whose employment is terminated by his

death prior to the expiration of any calendar month is not entitled to receive credit for vacation or sick leave for that month.

For the purpose of paying accrued vacation and sick leave upon the death of an employee, his estate should be paid for the same number of calendar days as to which the employee would have been entitled had he lived and claimed his vacation and sick leave beginning on the day following the date of his death and ending on the last working day through which such leave would have extended.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Flushe
Austin Bray
James Quick
S. J. Aronson

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant